AXEL H. BICKNELL *versus* AARON L. LEWIS *& al.*

Where a receipt is given for goods attached, to which an aggregate value is affixed, the receipters are bound, on demand, to return *all* the articles attached.

If, in an officer's receipt for goods attached, the specific value of each article is affixed, and the receipter sells a part of them, he may, *it seems*, on demand made by the officer for the property attached, deliver the articles unsold, and, in lieu of those sold, the amount in money, at which they were valued in the receipt.

Where the sheriff having the execution, received and indorsed thereon, the the proceeds of certain articles included in the receipt, at their agreed value, and took possession of the remainder, the receipters were held to be discharged.

ON EXCEPTIONS to the ruling of APPLETON, J.

THIS was an action of ASSUMPSIT on an officer's receipt for goods attached on a writ, *E. P. Baldwin* v. *A. L. Lewis.* Execution was duly issued in said action, and the property demanded of the receipters.

This action was prosecuted by the said Baldwin, and referred to the Court, at *Nisi Prius*, APPLETON, J., presiding, with leave to except.

In the receipt, the property attached is thus described:—
"One shop, valued at $250; one cutting machine, one rolling machine, one splitting machine, and one turning machine, all of said machines valued at $80; two rolls of leather, valued at $30; 30 lbs. sole leather, $10; 8 pairs of boots and 10 pairs of shoes, $30; all of the value of four hundred dollars."

An approval of the ability of the receipters, signed by said Baldwin, was indorsed upon the receipt.

On the hearing of the case, the Judge found that, *after* the receipt was given, the plaintiff, Bicknell, authorized the defendant, Lewis, to sell portions of the receipted property, to wit, the leather, boots and shoes, for the sums named in the receipt, agreeing that if their value was paid for in money, it should be received in lieu of the goods receipted for, and that the defendant, Lewis, so sold the leather, boots

and shoes, which were in the receipt of the agreed value of $70, for that sum. Plaintiff's attorney objected to the admission of evidence to this point, and also to its effect, for the reason that he had no authority to make such agreement. He further found C. D. Gilmore, as sheriff, on 15th July, 1857, had the execution and receipt in his hands; that, on that day, he made a demand of Tilton, (one of the defendants,) of the property attached, who thereupon paid him $70, in lieu of the leather, boots and shoes, which was, by Gilmore, indorsed upon the execution; that, at the same time, he offered to turn out, and did turn out, all the other property included in the receipt, to Gilmore, who discharged the receipt by indorsement thereon, which was subsequently erased without the knowledge or consent of defendants. The creditor's attorney directed the officer, Gilmore, not to take the goods unless all were delivered to him which were mentioned in the receipt. The $70, before mentioned as paid to Gilmore, was by him paid to the judgment creditor, less his fees. On these facts, the presiding Judge rendered judgment for the defendants.

*Paine & Brown,* for the plaintiff.

*Sanborn,* for the defendants.

The opinion of the Court was drawn up by

APPLETON, J. — Where a receipt is given for goods attached, to which an aggregate value is affixed, the receipters are bound, on demand, to return the identical articles attached. A failure as to one would obviously constitute a breach of the contract. *Gilmore* v. *McNeil,* 46 Maine, 533.

Where a specific value is affixed to each article attached, the receipter is not liable beyond the stipulated valuation. All the officer can accomplish by a suit is to obtain judgment for such value. If, therefore, the receipter tender the money agreed on as the value, in lieu of the thing valued, he will have done all that can be required of him. Nor, it seems, would it make any difference, if he tender a portion

of the articles specifically attached and the money price of the remainder, as agreed upon by the parties. *Drown* v. *Smith*, 3 N. H., 299.

The officer attaching, *after* the receipt was given, agreed with the receipters, that they might sell any portions of the property receipted for, at the sums named as their value in the receipt, and that he would receive the price in lieu of the articles attached and sold. There is no reason why the officer, if he chose, should not make such agreement, nor why, if made, he should not keep it.

This action is brought for the benefit of E. P. Baldwin, the creditor in the suit, *Baldwin* v. *Lewis*, in which the attachment was made. It seems he approved the receipt so far as relates to the pecuniary ability of the receipters, but, for aught that appears, it was *after* the contract between the officer and the receipters and subordinate thereto.

The officer having the execution and the receipt, received the proceeds of the leather and the boots and shoes, at their agreed value. The other articles attached, were duly tendered to and accepted by him, and were in his possession. That those goods were not sold, and that the plaintiff in interest has derived no benefit from them, is because he preferred trusting to what he might have considered to be the uncertain chances of litigation upon a nice point of technical law, to selling the goods on execution and receiving the proceeds of their sale. If he erred in his calculations as to the chances in his favor, or as to the law applicable to existing facts, he must abide the result.

*Exceptions overruled.—Judgment for defendants.*

RICE, CUTTING, MAY and KENT, JJ. concurred.